No. 3638

Second Circuit

——

THE AETNA CASUALTY & SURETY CO.
v. FOMER HARDWOOD CO., ET AL.

——

(December 31, 1929. Opinion and Decree.)

——

A. J. Wyly, of Lake Providence, attorney for plaintiff, appellant.

C. S. Wyly, of Lake Providence, attorney for defendants, appellees.

REYNOLDS, J. By act dated October 2, 1923, the Missouri Pacific Railroad Company leased certain movable property to defendants on certain terms and conditions therein named for the period beginning January 1, 1923, and ending April 10, 1925, and by act dated January 3, 1924, plaintiff, at the request of defendants, became surety for the faithful performance by them of their contract.

Defendants made and signed a written application for the bond and the application contains, among other things, the following stipulation:

"That the indemnitors will immediately pay the surety at its home office, Hartford, Conn., $148.00, and $148.00 on the 2nd day of October, 1923, in each year thereafter, and until the indemnitors shall serve upon the surety, at its said office, competent written legal evidence, satisfactory to the surety, of its discharge from such bond and all liability thereunder."

And plaintiff seeks by this action to obtain judgment against defendants for $296, with legal interest on a moiety thereof from January 3, 1926, and like interest on the other moiety thereof from January 3, 1927, as and for the premium owing on

the bond for the years 1926 and 1927, alleging that:

"Defendants have failed and neglected to give the plaintiff at its home office in Hartford, Conn., competent written legal evidence, satisfactory to the surety, of the surety's discharge from the bond and all liability thereunder, as the defendants bound themselves to do, in their written agreement and application, and that this bond has continued in full force and effect and is now in full force and effect and will continue in full force and effect under said written agreement of defendants with plaintiff until plaintiff's discharge in accordance with the provisions of this said written agreement and application."

The defense is that the contract between defendants and the Missouri Pacific Railroad Company was terminated prior to January 1, 1926, duly performed by defendants, and plaintiff duly notified of the fact, and that the promise sued on was without consideration and void.

On these issues the case was tried and there was judgment rejecting plaintiff's demands and dismissing its suit, and it appealed.

### OPINION

Plaintiff made no appearance in this court and has not favored us with a brief.

There was no consideration for the promise sought to be enforced. No benefit was conferred on the promisor, nor detriment suffered by the promisee, at the time it was made, and in the absence of one or the other the promise was invalid. Cyc. vol. 9, p. 316.

The obligation imposed on defendants by the promise, to furnish the plaintiff competent legal evidence, satisfactory to it, of its discharge from liability under the bond, cannot be said to have been a benefit to defendants and therefore a sufficient consideration for their promise to pay the premiums sued for.

Aside from this, however, it appears from the uncontradicted testimony of O. G. Bomer, one of the defendants, that in July, 1925, he notified plaintiffs defendants had performed their contract with the Missouri Pacific Railroad Company.

He was asked:

"What notification, if any, did you ever give to the Aetna Casualty & Surety Company relative to your settlement with the Missouri Pacific Railroad Company on this contract, the lease of track materials, which is already offered in evidence in this suit?"

And he answered:

"About the time of delivery of that, a few days after, as soon as we could get a check, we advised the Casualty Company that we had returned this steel covered by their bond with the Missouri Pacific Railroad Company."

Elsewhere he stated that this notification was given in the month of July, 1925.

If this was not competent written legal evidence of plaintiff's discharge from its liability under the bond and as such satisfactory to plaintiff, it does not appear that plaintiff objected to its sufficiency, and, in the absence of any objection on that score, defendants well might assume that it received plaintiff's approval.

The judgment appealed from is correct, and accordingly it is affirmed.